IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 98-00591 SOM |
|  | ) | Civ. No. 04-00488 SOM/LEK |
| Plaintiff, | ) |  |
|  | ) | ORDER DENYING § 2255 PETITION |
| vs. | ) | BASED ON BROOKS'S CLAIM THAT |
|  | ) | HIS ATTORNEY WAS INEFFECTIVE |
| STEVEN BERNARD BROOKS, | ) | IN FAILING TO ADVISE BROOKS |
|  | ) | TO ACCEPT ALLEGED PLEA |
| Defendant. | ) | OFFERS; ORDER DENYING AS MOOT |
|  | ) | BROOKS'S MOTION SEEKING |
|  | ) | CLARIFICATION AS TO WHETHER |
|  | ) | THIS COURT WILL HOLD AN |
|  | ) | EVIDENTIARY HEARING; ORDER |
|  | ) | DENYING CERTIFICATE OF |
|  | ) | APPEALABILITY |
| _____ | ) |  |

ORDER DENYING § 2255 PETITION BASED ON BROOKS'S CLAIM THAT HIS ATTORNEY WAS INEFFECTIVE IN FAILING TO ADVISE BROOKS TO ACCEPT ALLEGED PLEA OFFERS; ORDER DENYING AS MOOT BROOKS'S MOTION SEEKING CLARIFICATION AS TO WHETHER THIS COURT WILL HOLD AN EVIDENTIARY HEARING; ORDER DENYING CERTIFICATE OF APPEALABILITY

I.    INTRODUCTION.

The sole issue now before this court is whether Steven Bernard Brooks was denied his Sixth Amendment right to effective assistance of counsel when his attorney allegedly failed to advise him to accept certain plea offers.  Because Brooks fails to demonstrate ineffective assistance of counsel even when the court views the facts in the light most favorable to him, the court denies his 28 U.S.C. § 2255 petition to the extent it was based on that ineffective assistance of counsel claim.

The court also denies as moot Brooks's motion seeking clarification of whether this court will be holding an evidentiary hearing.

Finally, in anticipation of the Notice of Appeal that Brooks is certain to file, the court declines to issue Brooks a certificate of appealability.

II.     BACKGROUND.

On April 18, 2000, a jury convicted Brooks of knowingly and intentionally distributing crystal methamphetamine and of conspiring to distribute controlled substances in violation of §§ 841(a)(1), 841(b)(1)(A), and 846 of Title 21 of the United States Code. This court sentenced Brooks to 262 months of incarceration, 6 years of supervised release, and $200 in special assessments.

Brooks appealed his conviction and sentence to the Ninth Circuit, which affirmed this court in a memorandum disposition. See United States v. Brooks, No. 01-10282, 2003 WL 21147412 (May 15, 2003).

On August 9, 2004, Brooks filed a § 2255 petition ("Petition"). On December 22, 2004, this court denied the Petition, and, on February 7, 2005, this court denied his motion for reconsideration. In denying Brooks's motion for reconsideration, this court ruled that Brooks had not raised in his Petition the issue of whether his attorney, Milton Grimes,

had been ineffective in failing to advise Brooks about two alleged plea offers that, if accepted, might have helped Brooks to limit his sentence to 10 or 14 years of imprisonment. This court reasoned that this issue was not one of the express issues raised by the Petition, being located only in a footnote contained on page 35 of the 41-page memorandum in support of the petition.

On March 11, 2005, after Brooks had filed a Notice of Appeal, this court granted Brooks a certificate of appealability on the single, narrow issue of whether the footnote on page 35 of Brook's August 9, 2004, memorandum was sufficient, by itself, to assert a claim of ineffective assistance of counsel.

On February 20, 2007, the Ninth Circuit held that "the footnote sufficiently asserted a claim that Brooks was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to advise him whether to accept plea offers." United States v. Brooks, No. 05-15514, 2007 WL 582315 (9th Cir. Feb. 20, 2007). The Ninth Circuit remanded the matter to this court "to grant the motion for reconsideration and to consider this claim." Id. Accordingly, the only issue before this court is whether "Brooks was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to advise him whether to accept [the] plea offers" described in the footnote on page 35 of the Petition. Id.

III.    ANALYSIS.

    A.    Brooks Shows No Ineffective Assistance of Counsel.

To establish ineffective assistance of counsel, Brooks must show both that his counsel's actions were deficient and that the deficiency prejudiced him.  Turner v. Calderon, 281 F.3d 851, 873 (9th Cir. 2002) (citing Strickland v. Wash., 466 U.S. 668, 687-90 (1984)).  To be considered deficient, Brooks's counsel's performance had to have fallen below an objective standard of reasonableness as established by the prevailing professional norms existing at the time of his representation, not as viewed through the distorting lens of hindsight.  See Turner, 281 F.3d at 873.

Brooks argues that he is entitled to § 2255 relief because his attorney allegedly failed to tell him to accept purported plea offers.[1]  Brooks relies on United States v.

---

[1] The Government denies that it offered Brooks any plea deal that would have allowed Brooks to serve only 10 or 14 years of imprisonment.  See Declaration of Milton Grimes (Oct. 28, 2004) ¶ 15 ("I continued to discuss the possibility of a change of plea with the government.  The government, represented by Assistant U.S. Attorney Loretta Sheehan, would not commit to a certain number of years of incarceration that they would seek."); Declaration of Keith Shigetomi (Oct. 29, 2004) ¶ 11 (co-counsel for Brooks who stated that, in his "experience with the United States Attorney's Office, it would never commit to a specific number of years of incarceration" and that, "in fact[,] the United States refused to commit to a number of years of incarceration that Steven Brooks would have to serve" and that, "[w]ithout a promise of a favorable number of years of incarceration, Steven Brooks did not want to plead guilty").  This court considers it highly unlikely that the Government offered Brooks plea deals of a certain length without first

4

Leonti, 326 F.3d 1111, 1117 (9th Cir. 2003), in making this argument. Leonti states that, "[i]f it is ineffective assistance to fail to advise a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain <u>when it is clearly in the client's best interest</u>." Id. (emphasis added). Brooks is not arguing that his attorney failed to tell him of plea offers. Instead, he argues that his attorney failed to advise him to accept alleged plea offers. Brooks, however, makes no showing that, at the time the alleged plea offers were made, it was clearly in his best interest to enter into the alleged plea bargains.

In Brooks's April 16, 2007, declaration, he says that Grimes should have informed him that the alleged plea offers were in his best interest and should have told Brooks "that the goveernment's [sic] case was overwhelming and that [he] had no viable defense." Decl. of Steven Bernard Brooks (Apr. 16, 2007) ¶ 36. Defense counsel, however, could not have known at that time how certain witnesses would perform at trial or what evidentiary rulings the court would make. When the alleged plea offers were made, Brooks had defenses and a sound trial strategy.

---

obtaining information from Brooks that was helpful to the Government. Brooks does not identify any such information. Nevertheless, this court, for purposes of this ruling, accepts as true Brooks's claim that he was offered plea deals of 10 and 14 years and that his attorney failed to advise him to accept either of those offers.

Nothing in the record indicates that Brooks's attorney knew or should have known that, at the time of the alleged plea offers, Brooks would certainly be convicted if he proceeded to trial. See Declaration of Steven Brooks (Aug. 3, 2004) ¶ 31 (stating that Brooks's attorney told Brooks that he could win at trial based on an entrapment defense and the impeachment of a witness); Transcript of Defendant's Closing Arguments (Apr. 17, 2000) (discussing entrapment defense) (attached to Government's Opposition to § 2255 petition at Bates Stamp 1452); Transcript of Defendant's Closing Arguments at Bates Stamp 1465, 1496 (discussing the impeachment of a government witness).

Grimes had filed a motion to dismiss Brooks's indictment based on alleged Government misconduct and a motion to suppress Brooks' post-arrest statements.  Brooks demonstrates no reason to think that Grimes knew or should have known that these motions would be denied.  Moreover, the court itself observed that, at trial, Grimes presented a vigorous and skillful defense that included an aggressively litigated claim of entrapment. Under these circumstances, Brooks has failed to show that, at the time Grimes allegedly failed to advise Brooks to accept the plea offers, it was clearly in Brooks's best interest to do so.  See Leonti, 326 F.3d at 1117.

At best, Brooks says that his former attorneys, Sam King, Jr., and Keith Shigetomi, told Brooks that he should accept

6

the plea deals.  See Brooks's Decl. (Apr. 16, 2007) ¶ 33, 38.
Even assuming that these attorneys told Brooks to accept the
alleged 10- and 14-year plea offers, their alleged advice does
not make Grimes ineffective.  Brooks says that Grimes did tell
him of the plea offers, but then left it up to Brooks to decide
whether or not to accept the plea offers.  Id. ¶ 35 ("Grimes then
informed me that It [sic] was my decision to make; but he did not
offer me any advice or give his professional opinion as to
whether I should accept the offer."); 41 ("As with the previous
10 year offer, Grimes did not offer his advice as to whether I
should accept this 14 year offer, or if he felt that it would be
in my best interest to do so.  Again, he merely informed me that
it was my decision to make, and then continued discussing the
upcoming trial and defenses.").  It is not inherently ineffective
to react to alleged offers differently from other attorneys.

Indeed, Brook's claims that King and Shigetomi advised
him to accept the alleged plea offers negates any claim that he
was prejudiced even if Grimes made no recommendation.  The only
recommendations Brooks says he received from attorneys were
recommendations to accept the alleged plea offers.  Certainly he
does not say that Grimes disagreed with those recommendations.
Instead, Brooks says Grimes was, in effect, silent in the face of
the alleged recommendations, which Brooks was free to follow.

Brooks is, in essence, asking this court to look at the evidence in 20/20 hindsight, rather than through the facts Grimes had at the time of the alleged plea offers.  This court, however, examines counsel's performance as of the time of the alleged ineffectiveness.  See Turner, 281 F.3d at 873.  The Supreme Court has stated that

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Strickland, 466 U.S. at 689 (internal quotations omitted).  In allegedly telling Brooks that it was up to Brooks to decide whether to accept the alleged pleas without any advice on that subject from Grimes, Grimes was acting within the range of competence demanded of attorneys in criminal cases.  Grimes was not in a position to know whether the indictment would be dismissed or Brooks would be acquitted.  Grimes's alleged actions might well have been a sound strategy.

Brooks's citation of <u>Boria v. Keane</u>, 99 F.3d 492 (2d Cir. 1996), is unavailing, as that case does not indicate that Grimes's representation fell outside the range of competence of attorneys in criminal cases. <u>Boria</u> determined that an attorney was ineffective in failing to advise a defendant to accept a plea deal when that attorney thought that rejection of the deal was "suicidal." <u>Id.</u> at 495. Here, nothing indicates that Grimes thought that Brooks should have accepted the alleged plea offers. The Second Circuit, when it decided <u>Boria</u>, did not create a per se rule that counsel is ineffective anytime he or she fails to advise a defendant to accept a plea offer. See <u>Purdy v. United States</u>, 208 F.3d 41, 46 (2d Cir. 2000) ("Purdy argues that our decision in <u>Boria</u> establishes a per se rule that counsel not only must inform each client of the probable costs and benefits of accepting a plea offer, but also, in so many words and regardless of the particular circumstances, must advise the defendant to either plead guilty or not. We disagree. <u>Boria</u> did not fashion such a blunt legal instrument.").

<u>Turner v. Calderon</u>, 281 F.3d 851 (9th Cir. 2002), another case cited by Brooks, is actually supportive of the Government's position. In <u>Turner</u>, the defendant raised an ineffective assistance of counsel claim based on allegations indicating that the attorney had told the defendant about a plea offer but had not counseled the defendant about the consequences

9

of going to trial or discussed the significance of the plea offer.  Id. at 880.  The attorney in that case counseled the defendant to accept the plea offer.  The Ninth Circuit noted, however, that "[c]ounsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision."  Id. at 881.  "Trial counsel was not constitutionally defective because he lacked a crystal ball."  Id.  Here, although Grimes allegedly failed to counsel Brooks to accept the plea deals, Brooks does not establish that Grimes failed to provide Brooks with the "tools" Brooks needed to make an intelligent decision.  Brooks says that, in the same conversations in which Grimes told him about the alleged 10- and 14-year plea deals, Grimes also discussed with Brooks the upcoming trial and defenses.  Brooks Decl. (Apr. 16, 2007) ¶¶ 36, 41.

It is not enough that Brooks was ultimately sentenced to more than 10 or 14 years in prison, if guilt and the ultimate sentence were not clear before trial.  Brooks has not submitted any argument or evidence to overcome the heavy burden of proving that his counsel's assistance at the pretrial stage was not the result of sound trial strategy.  Murtishaw v. Woodford, 255 F.3d 926, 939 (9th Cir. 2001).

Because "the motion and the files and records of the case conclusively show that [Brooks] is entitled to no relief,"

the court denies § 2255 relief based on that argument without holding an evidentiary hearing.  See U.S.C. § 2255; Leonti, 326 F.3d at 1116.

        B.    The Other Issues Raised By Brooks are Procedurally Barred.

Brooks argues that, under Rule 15(a) of the Federal Rules of Civil Procedure, because the Government did not file a "responsive pleading" to the issue he raised in the footnote on page 35 of his Petition, he should be freely allowed to amend that Petition.  Brooks is wrong.  The Government filed an opposition to the Petition.  See United States' Opposition to Motion to Vacate, Set Aside, or Correct Sentence Filed by Steven Brooks (Nov. 3, 2004).  This court denied the Petition and Brooks appealed that denial.  This is not a case in which Brooks may amend his Petition "once as a matter of course" under Rule 15(a).

Brooks has not sought leave of court to amend his Petition under Rule 15(a).  Nor would this be a case in which the court would allow Brooks to amend his § 2255 Petition.  This court denied Brooks's Petition after it was fully briefed.  After judgment was entered against him, Brooks appealed.  The Ninth Circuit held that the footnote on page 35 of the Petition sufficiently raised the ineffective assistance of counsel claim that Grimes had failed to tell Brooks to accept the 10- and 14-year plea deals.  The Ninth Circuit therefore directed that this

court consider that claim.  Nothing in the Ninth Circuit's decision indicates that this court should allow Brooks to add additional claims or reargue the claims this court already rejected.  To the contrary, the Ninth Circuit merely told this court to consider Brooks' ineffective assistance of counsel claim based on the alleged plea offers.  It did not vacate this court's denial of Brooks's Petition.  Accordingly, this court declines to allow Brooks to amend his Petition.  This means that all of the additional arguments raised by Brooks in his April 19, 2007, supplemental memorandum are procedurally barred.

IV.     THE COURT DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.

The court expects that Brooks will file a notice of appeal.  Because Brooks cannot make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(2), the court declines to issue a certificate of appealability on any issue if Brooks files the anticipated an appeal.  Brooks cannot "show . . . that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further."  Beardslee v. Brown, 393 F.3d 899, 903 (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)), as supplemented by 393 F.3d 1032 (9th Cir. 2004).

V.       CONCLUSION.

For the foregoing reasons, the court denies Brooks's § 2255 Petition to the extent it is based on the claim that his attorney failed to advise Brooks to accept the 10- and 14-year plea deals. The court therefore denies as moot Brooks's Motion for Clarification or Appointment of counsel. The present ruling supplements this court's earlier rulings to the extent directed by the Ninth Circuit.

The court also declines to issue a certificate of appealability for any notice of appeal Brooks files in this action.

The Clerk of Court is directed to enter judgment in favor of the Government and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2007.



_____
Susan Oki Mollway
United States District Judge

United States v. Brooks; Civ. No. 04-00488 SOM/LEK; Cr. No. 98-00591 SOM; ORDER DENYING § 2255 PETITION BASED ON BROOKS'S CLAIM THAT HIS ATTORNEY WAS INEFFECTIVE IN FAILING TO ADVISE BROOKS TO ACCEPT ALLEGED PLEA OFFERS; ORDER DENYING AS MOOT BROOKS'S MOTION SEEKING CLARIFICATION AS TO WHETHER THIS COURT WILL HOLD AN EVIDENTIARY HEARING; ORDER DENYING CERTIFICATE OF APPEALABILITY