IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 98-00591 SOM |
| | ) | Civ. No. 04-00488 SOM/LEK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO ALTER |
| vs. | ) | OR AMEND JUDGMENT PURSUANT TO |
| | ) | RULE 59(e) OF THE FEDERAL |
| STEVEN BERNARD BROOKS, | ) | RULES OF CIVIL PROCEDURE; |
| | ) | ORDER DENYING CERTIFICATE OF |
| Defendant. | ) | APPEALABILITY |
| _____ | ) | |

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO
RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE;
ORDER DENYING CERTIFICATE OF APPEALABILITY

I.      INTRODUCTION.

Steven Bernard Brooks was convicted of drug-related charges and was sentenced to more than 21 years of imprisonment. After his direct appeal failed, Brooks filed a Petition under 28 U.S.C. § 2255.  This court denied that Petition.  Brooks then filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, asking this court to rule on an issue that was raised in a footnote in his memorandum in support of his § 2255 Petition--whether his counsel had been ineffective in allegedly failing to advise Brooks about plea offers.  The court ruled that Brooks had not adequately raised that issue.  On appeal, the Ninth Circuit ruled that Brooks had adequately raised that issue, remanding the matter to this court to rule on the issue.

On February 7, 2007, the court ruled that Brooks had failed to show that his counsel had been ineffective in allegedly failing to advise Brooks about plea offers.  The court also ruled

that Brooks's belated attempt to raise new issues was procedurally barred. Brooks then filed the present motion under Rule 59(e) of the Federal Rules of Civil Procedure, asking the court to reconsider its February 7, 2007, order. Because Brooks demonstrates no reason for this court to reconsider that order, the court denies the Rule 59(e) motion.

II.     BACKGROUND.

On April 18, 2000, a jury convicted Brooks of knowingly and intentionally distributing crystal methamphetamine and of conspiring to distribute controlled substances in violation of §§ 841(a)(1), 841(b)(1)(A), and 846 of Title 21 of the United States Code. Brooks was sentenced by this court to incarceration for a period of 262 months, 6 years of supervised release, and special assessments of $200.00. Brooks also forfeited his interest in a Huntington Beach, California, property. An Amended Judgment was entered against Brooks on April 10, 2001.

Brooks appealed his conviction and sentence to the Ninth Circuit, which affirmed this court in a memorandum disposition on numerous grounds. See United States v. Brooks, No. 01-10282 (May 15, 2003).

On August 9, 2004, Brooks filed a § 2255 Petition. See Petition Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Apr. 9, 2004).

On December 22, 2004, this court denied Brooks's § 2255 Petition.  See Order Denying Petition to Vacate and Set Aside a Judgement of Conviction Under 28 U.S.C. § 2255 (Dec. 22, 2004).

On January 4, 2005, the court entered judgment against Brooks with respect to his § 2255 Petition.  See Judgment in a Civil Case (Jan. 4, 2005).

On January 27, 2005, Brooks moved for reconsideration of the denial of his § 2255 Petition.  Among the many issues raised in that motion, Brooks argued that the court should have ruled on his claim that his attorney was ineffective because he did not advise Brooks to take plea offers that would have resulted in terms of imprisonment of 10 or 14 years.  See Petitioner-Movant's Motion for Reconsideration of the Denial of his 28 U.S.C. § 2255 Motion (Jan. 27, 2005).

Because Brooks's January 27, 2005, motion for reconsideration was not a timely filed Rule 59(e) motion, the court construed it as a motion under Rule 60(b) of the Federal Rules of Civil Procedure.  On February 7, 2005, the court denied that Rule 60(b) motion.  The court ruled, in part, that Brooks had not raised in his § 2255 Petition a claim for relief based on his assertion that his attorney was ineffective in failing to advise Brooks to accept the plea offers discussing terms of imprisonment of 10 or 14 years.  See Order Denying Motion for Reconsideration (Feb. 7, 2005).

On March 8, 2005, Brooks filed a Notice of Appeal and a Request for a Certificate of Appealability.  See Notice of Appeal/Request for a Certificate of Appealability (March 8, 2005).  According to Brooks's certificate of service for that document, Brooks placed the document in the prison mail system on February 28, 2005.  Because of the prison mailbox rule, it appears that Brooks timely appealed both the January 4, 2005, judgment and the February 7, 2005, order denying Brooks's Rule 60(b) motion.  See
Fed. R. App. P. 4(a)(1)(B) ("When the United States . . . is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed is entered.").

On March 11, 2005, the court granted in part and denied in part Brooks's request for a certificate of appealability.  The court granted a certificate of appealability on "the narrow issue of whether the footnote on page 35 of Brooks's August 9, 2004, Memorandum is sufficient, by itself, to assert an independent claim of ineffective assistance of counsel based on [Brooks's attorney's] alleged failure to provide Brooks with advice as to the plea offers."  Order Granting in Part and Denying in Part Defendant's Request for a Certificate of Appealability (Mar. 11, 2005).  In all other respects, Brooks's request for a certificate of appealability was denied.  Id.

On February 23, 2007, the Ninth Circuit, in a Memorandum Decision, determined that Brooks had sufficiently raised his ineffective assistance of counsel claim based on his assertion that his attorney had failed to advise him to accept plea offers. The Ninth Circuit "vacate[d] the order denying reconsideration and remand[ed] the case to the district court to grant the motion for reconsideration and to consider this claim." Memorandum Decision (Feb. 23, 2007). This court reads this directive from the Ninth Circuit as vacating the February 7, 2005, order denying Brooks's Rule 60(b) motion to the extent the court ruled that Brooks had not properly raised his claim that his counsel was ineffective because he allegedly failed to advise Brooks regarding plea offers. The court further reads the Ninth Circuit's directive as telling the court that it must consider that issue. The court does not read the Ninth Circuit's Memorandum Decision as ordering this court to actually grant Brooks's Rule 60(b) motion for reconsideration on its merits.

On April 19, 2007, Brooks filed a supplemental memorandum in which he not only discussed the single claim remanded to this court by the Ninth Circuit in its February 2007 order, but also attempted to amend his original § 2255 Petition by adding new claims as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure. Brooks did not seek leave of court to so amend his Petition before filing his supplemental

5

memorandum, although he did ask for such leave in his supplemental memorandum. See Supplemental Memorandum in Support of Claim of Ineffective Assistance of Counsel in the Plea Process (Apr. 19, 2007).

On July 30, 2007, the court, after receiving further briefing, denied Brooks's Rule 60(b) motion. See Order Denying § 2255 Petition Based on Brooks's Claim That His Attorney Was Ineffective in Failing to Advise Brooks to Accept Alleged Plea Offers (July 30, 2007). The court ruled that Brooks had failed to show that his counsel had been ineffective when he allegedly failed to advise Brooks about plea offers. The court further ruled that Brooks's attempt to introduce new claims at this point of the case was procedurally barred.

On July 30, 2007, the court filed another judgment pursuant to the court's July 30, 2007, order denying Brooks's Rule 60(b) motion. See Judgment in a Civil Case (July 30, 2007).

On August 20, 2007, Brooks filed the present Rule 59(e) motion. See Motion to Alter or Amend Judgment (Aug. 20, 2007). This motion was timely filed for purposes of the ten-day period set forth in Rule 59(e) of the Federal Rules of Civil Procedure because Brooks's certificate of service indicates that he placed the motion in the prison mailbox system on August 10, 2007.

III.     RULE 59(e) STANDARD.

Brooks brings this motion under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes motions to alter or amend judgment. Motions to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995). A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court. Id. n.1 ("the district court enjoys considerable discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion"). There are four basic grounds on which a Rule 59(e) motion may be granted: 1) a manifest error of law or fact upon which the judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an

7

intervening change in controlling law.  <u>McDowell</u>, 197 F.3d at 1255 n.1.

IV.     <u>ANALYSIS.</u>

Brooks properly brings his Rule 59(e) motion to ask this court to reconsider its denial of his Rule 60(b) motion. <u>See</u> <u>Inryco, Inc. v. Metro. Eng'g Co.</u>, 708 F.2d 1225, 1232 (7th Cir. 1983) ("a Rule 59(e) motion is proper to challenge the Rule 60(b) ruling").  Brooks's Rule 59(e) motion, however, may only challenge the court's Rule 60(b) judgment, not the underlying judgment denying Brooks § 2255 relief.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978) ("an appeal from an order denying a Rule 60(b) motion brings up for review only the correctness of that denial and does not bring up for review final judgment").

Indeed, the time for a Rule 59(e) motion respecting the underlying judgment has long since passed.  The cases cited by Brooks for the proposition that he may now attack the judgment entered on January 4, 2005, are distinguishable, as they involve the different issue of how to calculate the time to appeal. Putting aside the issue of what the Ninth Circuit will review on appeal, the present Rule 59(e) motion may not address this court's December 22, 2004, denial of Brooks's § 2255 Petition or the January 4, 2005, judgment.  Instead, Brooks's Rule 59(e) motion may only seek timely reconsideration of this court's July

30, 2007, denial of his Rule 60(b) motion.  To the extent Brooks seeks reconsideration of matters beyond this court's July 30, 2007, order denying his Rule 60(b) motion, Brooks's current Rule 59(e) motion is denied.

        A.    The Court Does Not Retract the Denial of Brooks's Request for Leave to Amend His Petition.

Seven years after a jury convicted Brooks, almost four years after the Ninth Circuit affirmed that conviction, more than two-and-a-half years after Brooks filed his original § 2255 Petition, and more than two years after this court denied that Petition and judgment was entered against Brooks, Brooks asserted in an April 19, 2007, supplemental memorandum that he, as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure, must be allowed to amend his § 2255 Petition to add new claims.  Brooks does not ask this court to reconsider its determination that Brooks had no such automatic right.

Brooks did not ask for leave to amend his Petition before attempting to do so through his April 19, 2007, supplemental brief.  Brooks did, in that filing, ask for such leave, if necessary.  The court did not address that request separately from its reconsideration of the merits of the ineffective assistance of counsel argument raised in the memorandum in support of the § 2255 Petition.  Instead, in

9

rejecting the ineffective assistance argument, the court stated that it would not allow such an amendment.

> This court denied Brooks's Petition after it was fully briefed.  After judgment was entered against him, Brooks appealed.  The Ninth Circuit held that the footnote on page 35 of the Petition sufficiently raised the ineffective assistance of counsel claim that Grimes had failed to tell Brooks to accept the 10- and 14-year plea deals.  The Ninth Circuit therefore directed that this court consider that claim.  Nothing in the Ninth Circuit's decision indicates that this court should allow Brooks to add additional claims or reargue the claims this court already rejected.  To the contrary, the Ninth Circuit merely told this court to consider Brooks'[s] ineffective assistance of counsel claim based on the alleged plea offers.  It did not vacate this court's denial of Brooks's Petition.  Accordingly, this court declines to allow Brooks to amend his Petition.  This means that all of the additional arguments raised by Brooks in his April 19, 2007, supplemental memorandum are procedurally barred.

See Order (July 30, 2007) at 11-12.

Brooks argues that this court should reconsider its determination that his new claims are procedurally barred.  He says that, under Rule 15(a) of the Federal Rules of Civil Procedure, this court should freely grant him leave to amend. The court agrees that Rule 15 governs a motion to amend a § 2255 motion if it is made before the one-year limitation period for filing a § 2255 motion has expired.  Here, in addition to being raised only after the court disposed of the § 2255 Petition (with

the exception of the single, narrow claim the Ninth Circuit directed this court to address), Brooks's proposed new claims were raised after the one-year limitation period had expired. They are thus procedurally barred. See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section.") ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

        Brooks is seeking to amend his § 2255 Petition to add claims under Federal Rule of Civil Procedure 15(a) after the one-year statute of limitations has run.  His proposed amendments could nevertheless be considered timely under Rule 15(c)(2) if they could be said to relate back to the original claims.  The Supreme Court has held, "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005).  In other words, Brooks's new claims will relate back to the date of his original Petition if the new claims are supported by facts similar in time and type to those set forth in his original Petition. Id. at 650 ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Brooks's original § 2255 Petition argued that his sentence violated <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), that his attorney's involvement with LandmarkTel created a conflict of interest, and that his attorney was ineffective in failing to advise him about plea offers. Brooks's original Petition also argued that his attorney's drug crimes created an actual conflict of interest. <u>See</u> § 2255 Petition. Brooks, however, withdrew his claim arising out of his attorney's alleged involvement with selling drugs. <u>See</u> Second Declaration of Steven Bernard Brooks (Nov. 30, 2004) ¶ 2 ("I knowingly and voluntarily withdraw the claim that I raise in ground two(2) of my § 2255 Motion, i.e., the conflict claim concerning accusations that S/A Lawson informed Sam King Jr. that Grimes attempted to sell me drugs in the past -- information which King allegedly passed on to Grimes."); Steven Bernard Brooks's Response to the Government's Opposition (Nov. 30, 2004) at 3 n.1 ("Movant hereby withdraws his claim raised in <u>Ground 2</u> of his § 2255 Motion (the claim as to S/A Lawson informing Sam King Jr. that Movant accused Grimes of attempting to sale [sic] Movant drugs)."). Brooks did not clearly articulate the amendments to his § 2255 Petition that he wanted to add. He certainly did not demonstrate that the amendments related back to the time of his original Petition under Rule 15(c), as he did not show that the proposed amendments tracked his original Petition in time and type.

Brooks may have been attempting to amend his § 2255 Petition to add ineffective assistance claims based on two grounds--that his counsel's advice was so incorrect that it undermined his ability to make an intelligent decision about the plea offers and that his counsel breached various professional rules. These arguments pertain to facts that differ in "time and type" from those of Brooks's original § 2255 Petition.

Brooks also argues that the Ninth Circuit's mandate allows him to freely amend his Petition. The court disagrees. The Ninth Circuit directed this court to examine a single issue. Specifically, the Ninth Circuit, holding that the issue raised in a footnote was sufficiently raised, directed this court "to consider this claim." The Ninth Circuit neither invited Brooks to amend his § 2255 Petition nor directed this court to allow such an amendment. None of the cases cited by Brooks on this point requires district courts to allow amendments when a case is remanded.

> B. Brooks Fails to Demonstrate that the Court Should Have Held an Evidentiary Hearing on the Remanded Rule 60(b) Issue of Whether His Attorney Was Ineffective in Allegedly Failing to Advise Brooks About Plea Offers.

Brooks says that the court should have held an evidentiary hearing on whether his attorney was ineffective in allegedly failing to advise him about plea offers. Brooks shows no right to relief in this regard.

Brooks argues that the court erroneously ruled that "[n]othing in the record indicates that Brooks's attorney knew or should have known that, at the time of the alleged plea offers, Brooks would certainly be convicted if he proceeded to trial." He says that he submitted his own declaration stating that his attorney knew that acceptance of the plea offers was in his best interest. However, Brooks is not competent to testify about what his attorney knew. Brooks provides no facts from which such a conclusion could possibly be drawn. Brooks's bald assertion that his attorney knew that it was in his interest to accept the plea offers was insufficient to demonstrate that Brooks was entitled to § 2255 relief in light of the other evidence in the record. The motion, files, and record of the case conclusively showed that Brooks was entitled to no relief. The court therefore denied his Petition without holding an evidentiary hearing. See U.S.C. § 2255.

      C.    Brooks Identifies No Erroneous Factual Determination that Affected the Outcome of This Case.

Brooks argues that this court erred in stating that, "[a]t best, Brooks says that his former attorneys, Sam King, Jr., and Keith Shigetomi, told Brooks that he should accept the plea deals." Brooks says that those attorneys did not "advise" him to accept the deals, but instead stated that they were leaving it up to Brooks and his other attorney, Milton Grimes, to decide

14

whether to accept the deals. Cf. Declaration of Steven Bernard Brooks (Apr. 16, 2007) ¶ 38 ("Shortly thereafter, I fired King and hired Keith Shigetomi as my Hawaii counsel. He later submitted a declaration in which he swore that he was of the opinion that it was in my best interest to plead guilty and continue my cooperation against Richardson."). Assuming that both King and Shigetomi merely "told" Brooks that he should accept the plea offers, but that they would leave it up to Brooks and Grimes to decide whether to accept the offers, see id. ¶ 33, the statements by two of Brooks's attorneys "telling" him to accept the offers negate Brooks's claim that he was prejudiced by Grimes's failure to make a recommendation. What King and Shigetomi "told" Brooks was uncontroverted advice he had.

Brooks also argues that the court should reconsider its order denying his Rule 60(b) motion because the record does not support the court's finding that Grimes had thought about the suppression motion at the time of the alleged 10-year plea offer and because the court had already ruled on the suppression motion at the time of the alleged 14-year plea offer. This argument misses the point. Even if Grimes was not thinking about the suppression motion at the time of the alleged plea offers, Brooks makes no showing that, at the time the alleged plea offers were made, it was clearly in his best interest to enter into the alleged plea bargains.

15

In Brooks's April 16, 2007, declaration, he says that Grimes should have informed him that the alleged plea offers were in his best interest and should have told Brooks "that the goveernment's [sic] case was overwhelming and that [he] had no viable defense." Decl. of Steven Bernard Brooks (Apr. 16, 2007) ¶ 36. Defense counsel, however, could not have known at that time how certain witnesses would perform at trial or what evidentiary rulings the court would make. When the alleged plea offers were made, Brooks had defenses and a sound trial strategy. Nothing in the record indicates that Brooks's attorney knew or should have known that, at the time of the alleged plea offers, Brooks would certainly be convicted if he proceeded to trial. See Declaration of Steven Brooks (Aug. 3, 2004) ¶ 31 (stating that Brooks's attorney told Brooks that he could win at trial based on an entrapment defense and the impeachment of a witness); Transcript of Defendant's Closing Arguments (Apr. 17, 2000) (discussing entrapment defense) (attached to Government's Opposition to § 2255 petition at Bates Stamp 1452); Transcript of Defendant's Closing Arguments at Bates Stamp 1465, 1496 (discussing the impeachment of a government witness).

Grimes had filed a motion to dismiss Brooks's indictment based on alleged Government misconduct and a motion to suppress Brooks' post-arrest statements. Brooks demonstrates no reason to think that Grimes knew or should have known that these motions would be denied. Moreover, the court itself observed that, at trial, Grimes presented a vigorous and skillful defense that included an aggressively litigated claim of entrapment. Under these circumstances, Brooks has failed to show that, at the time Grimes allegedly failed to advise Brooks to accept the plea offers, it was clearly in Brooks's best interest to do so. See Leonti, 326 F.3d at 1117.

Order (July 30, 2007) at 5-6.  Brooks himself noted that, in the same conversation he had with Grimes about one of the plea offers, he and Grimes discussed Brooks's defenses.  Declaration of Steven Bernard Brooks (Apr. 16, 2007) ¶ 26.

Regardless of whether Grimes had discovery at the time of the plea offers, there is no reason for the court to conclude that Grimes should have known that Brooks would be convicted and that, therefore, it was in Brooks's best interest to accept the alleged plea deals.  "In evaluating the reasonableness of counsel's actions, a reviewing court must consider the circumstances at the time of counsel's conduct, Strickland, 466 U.S. at 690, and cannot 'second-guess' counsel's decisions or view them under the 'fabled twenty-twenty vision of hindsight.'" Edwards v. Lamarque, 475 F.3d 1121, 1127 (9th Cir. 2007).  At the time of the plea offers, Brooks had defenses and a sound trial strategy.  Tactical decisions, even if in hindsight unwise, do not constitute ineffective assistance.  See Thorsteinsson v. I.N.S., 724 F.2d 1365, 1368 (9th Cir. 1983).

Brooks next argues that this court erred in failing to address his argument that Grimes's alleged conflict arising out of Grimes's involvement with LandmarkTel caused Grimes to be ineffective.  Brooks shows no error.  In the court's original order denying his § 2255 Petition, the court determined that Brooks had waived this argument.  See Order (Dec. 22, 2004) at 4-

17

10. Brooks cannot now seek reconsideration of that December 22, 2004, order.

V.      THE COURT DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.

Continuing to expect Brooks to file a notice of appeal, this court considers whether to certify any issue as appealable. Because Brooks cannot make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(2), the court declines to issue a certificate of appealability on any issue. Brooks cannot "show . . . that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further." Beardslee v. Brown, 393 F.3d 899, 903 (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)), as supplemented by 393 F.3d 1032 (9th Cir. 2004).

Brooks, of course, remains free to file a notice of appeal and to seek such certification from the Ninth Circuit. See 28 U.S.C. § 2253(c); see also In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997) (administrative order stating that, "[w]hen a district court has denied certification as to all issues raised in a habeas petition and no express request for a certificate is filed, or the notice of appeal does not specify the issues which a petitioner seeks to have certified, then the notice of appeal constitutes a request

18

to have all the issues raised in the petition be reviewed by a judge of the court of appeals.").

VI.     CONCLUSION.

For the foregoing reasons, Brooks's August 20, 2007, Rule 59(e) motion is denied.

The court also declines to issue a certificate of appealability, although Brooks remains free to file a notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Brooks; Civ. No. 04-00488 SOM/LEK; Cr. No. 98-00591 SOM; ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE; ORDER DENYING CERTIFICATE OF APPEALABILITY