IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 98-00591 SOM |
| | ) | Civ. No. 04-00488 SOM/LEK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RELIEF FROM JUDGMENT UNDER |
| | ) | RULES 60(b)(4) AND 60(b)(6) |
| STEVEN BERNARD BROOKS, | ) | OF THE FEDERAL RULES OF CIVIL |
| | ) | PROCEDURE |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
UNDER RULES 60(b)(4) AND 60(b)(6) OF THE
FEDERAL RULES OF CIVIL PROCEDURE

I.      INTRODUCTION.

        Steven Bernard Brooks was convicted of drug felonies.

The Ninth Circuit affirmed his conviction.  This court denied

Brooks's § 2255 petition, and the Ninth Circuit ultimately failed

to grant him a certificate of appealability for each issue raised

in that petition.  Although he emphatically argues that this

court continues to leave unaddressed an issue he raised in his

§ 2255 petition, Brooks is simply wrong.  This court addressed

the issue on multiple occasions throughout the lengthy post-

conviction process in this case, ruling that he had not

demonstrated that his attorney, Milton Grimes, had an actual

conflict of interest arising out of Grimes's alleged financial

crimes.  This court previously determined that Brooks had alleged

a potential conflict arising out of Grimes's alleged crimes, but

that Brooks had knowingly, willingly, and voluntarily waived any

and all conflicts arising out Grimes's conduct.  This court

denies Brooks's Motion, brought under Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure, on both procedural and substantive grounds.

II.      PROCEDURAL HISTORY.

On April 18, 2000, a jury convicted Brooks of drug-related charges.  Brooks was sentenced to more than 21 years of imprisonment.  Brooks appealed his conviction and sentence to the Ninth Circuit, which affirmed this court in a memorandum disposition.  See United States v. Brooks, No. 01-10282 (May 15, 2003).

After his direct appeal failed, Brooks filed a petition under 28 U.S.C. § 2255.  See Docket Number 273 (August 9, 2004).  On December 22, 2004, this court denied that petition.  See Docket Number 295 (December 22, 2004).  The court rejected Brooks's first argument, ruling that Blakely v. Washington, 542 U.S. 296 (2004), was not retroactive.  The court determined that Brooks had withdrawn his second argument, which concerned Grimes's alleged involvement with selling drugs.  Finally, this court ruled that Brooks had waived any conflict of interest arising out of Grimes's involvement with Landmark Telecommunications, Inc., determining that any alleged conflict was merely potential, rather than actual.  See Docket Number 295 (December 22, 2004).

Brooks then filed a motion asking this court to reconsider its order.  On February 7, 2005, this court denied the motion for reconsideration, which the court treated as a motion under Rule 60(b) of the Federal Rules of Civil Procedure.  See Docket Number 297 (February 7, 2005).  The reconsideration motion argued that Grimes had had an actual conflict of interest arising out of Grimes's alleged criminal conduct and status as a co-owner, officer, and general counsel in Brooks's company, Landmark.  This court rejected that argument, ruling:

> Although Brooks allegedly sold drugs while Grimes was involved with Landmark, there was no evidence indicating that Landmark laundered Brooks's drug money during that period or that Grimes had any personal knowledge of any fact relating to the money laundering.  While the Government may have been investigating Landmark for money laundering during the period that Grimes was involved with Landmark, there is no evidence that this investigation indicated any wrongdoing on the part of Grimes or that Grimes even had knowledge of any such wrongdoing.  Accordingly, the court concluded that Grimes had only a potential conflict of interest arising out of his relationship with Landmark.

Id. at 6.  The court then noted that "there is no allegation that Grimes had any personal involvement with Landmark at any time in which Landmark may have been used by Brooks to launder money.  Nor is there any indication that evidence might have been uncovered that would reveal crimes by Grimes."  Id. at 8.  The

court then rejected Brooks's contention that he had demonstrated

Grimes's specific criminal conduct:

> Although Brooks is arguing on this motion
> that he has demonstrated Grimes's "specific
> criminal conduct," that demonstration was
> entirely lacking, as Brooks did not even
> accuse Grimes of any such involvement with
> Landmark in what remains of his petition.
> Grimes was certainly involved with a company
> that may have done something illegal before
> Grimes became associated with it, and there
> was a possibility that the company was
> continuing to act illegally after Grimes
> became involved with it.  But Brooks does not
> now accuse Grimes of having been involved
> with or knowing of any wrongful acts by
> Landmark.  Therefore, an evidentiary hearing
> was unnecessary to determine that Grimes did
> not have an actual conflict arising out of
> his involvement with Landmark.

Id. at 9-10.  The court then ruled that Brooks had not raised in

his § 2255 petition the issue that his attorney was ineffective

in the plea process.  Id. at 12-14.

Brooks appealed this court's orders pertaining to his

§ 2255 petition.  This court issued a certificate of

appealability on only the narrow issue of whether a footnote in

the lengthy memorandum accompanying Brooks's § 2255 petition was

sufficient to assert an independent claim of ineffective

assistance of counsel based on Grimes's alleged failure to advise

Brooks as to whether to accept a plea offer.  The court denied

the certificate of appealability with respect to all other

issues.  See Docket No. 299 (March 11, 2005).  On February 23,

2007, the Ninth Circuit vacated this court's judgment and remanded the matter, ruling that Brooks's footnote had sufficiently alleged that claim and directing this court to consider it.  See <u>United States v. Brooks</u>, No. 05-15514, Memorandum (Feb. 23, 2007).

This court then denied the § 2255 petition to the extent it argued that Brooks's Sixth Amendment right to effective assistance of counsel was violated when his attorney allegedly failed to advise Brooks regarding the plea offer.  The court further ruled that Brooks's attempt to introduce new claims at that time was procedurally barred.  See Docket No. 324 (July 30, 2007).  Anticipating that Brooks would appeal, this court declined to issue Brooks a certificate of appealability.  <u>Id.</u>

On August 20, 2007, Brooks filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, seeking to amend his § 2255 petition to add claims under Rule 15(a) of the Federal Rules of Civil Procedure.  See Docket No. 325 (Aug. 20, 2007).  This court ruled that Brooks could not insert new issues into his § 2255 petition.  See Docket No. 326 (August 24, 2007).  Brooks also argued in his Rule 59(e) motion that this court had erred in failing to address his argument that Grimes's alleged conflict arising out of Grimes's involvement with Landmark caused Grimes to be ineffective.  <u>Id.</u> The court rejected this argument, stating, "In the court's

5

original order denying his § 2255 Petition, the court determined
that Brooks had waived this argument." Id. (citing Order (Dec.
22, 2004) at 4-10.  The court ruled that Brooks could not seek
reconsideration of the December 22, 2004, order via the August
20, 2007, Rule 59(e) motion.  Id. at 18.  The court then again
denied a certificate of appealability for the expected notice of
appeal.  Id. at 18.

On September 18, 2007, Brooks filed a Notice of Appeal.
See Docket No. 327 (Sept. 18, 2007).  The Ninth Circuit denied
Brooks's request for a certificate of appealability, effectively
terminating the appeal.  See Order, No. 07-16693 (July 31, 2008).

On October 27, 2008, Brooks filed yet another motion
for relief from judgment.  This time, Brooks seeks relief under
Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil
Procedure, once again arguing that, when the court denied the
original § 2255 petition, the court failed to address the issue
of whether Grimes's alleged financial crimes involving Landmark
had created an actual conflict of interest that deprived Brooks
of effective assistance of counsel.  Arguing that his Due Process
rights were violated, Brooks says that his judgment is void under
Rule 60(b)(4) and/or that the court's alleged failure to address
the issue justifies relief under Rule 60(b)(6).  See Docket No.
335 (Oct. 27, 2008).

III.      <u>ANALYSIS.</u>

        The present motion is procedurally flawed.  Rule
60(b)(4) provides relief when "the judgment is void."  Rule
60(b)(6) provides relief for "any other reason that justifies
relief."  The present motion is brought under both subsections,
but neither is an appropriate vehicle here.  In 2007, this court
declined to certify <u>any</u> issue for appeal.  In 2008, the Ninth
Circuit similarly denied Brooks's request for a certificate of
appealability.  With that denial, the Ninth Circuit in effect let
stand this court's 2007 rulings.  If Brooks could then seek
relief from this court without explaining why he could not raise
the present arguments earlier, he would make a nullity of the
Ninth Circuit's earlier rejection of his request for a
certificate of appealability.

        This court recognizes, of course, that Rule 60(b)(4)
and Rule 60(b)(6) contain no express deadline for seeking relief,
but surely a motion seeking relief under those provisions is
untimely if filed after the Ninth Circuit has denied a
certificate of appealability and if unaccompanied by any
explanation as to why relief could not be sought earlier.  The
untimeliness is perhaps best shown when one examines the
circumstances in which a request for a certificate of
appealability is <u>granted</u>.  If the Ninth Circuit then rules on the
merits of certified issues, a defendant could not later return to

the district court to seek further relief under Rule 60(b)(6).
If the defendant had raised the issue before the Ninth Circuit
and lost, the district court could not afford relief.  If the
defendant had not raised the issue before the Ninth Circuit, he
would have waived the issue and could not, without cause,
effectively extend the appeal deadline by raising it post-appeal
with the district court.  It makes no sense that a defendant who
has been <u>denied</u> a certificate of appealability somehow has
greater rights under Rule 60(b) than a defendant who has been
granted a certificate of appealability.

        Even if Rule 60(b) offered a procedural avenue for
relief to Brooks, it does not offer substantive relief.  That is
because the factual premise of the present motion is flawed.
Brooks is simply incorrect in claiming in the present motion that
this court did not address the issue of whether Grimes's alleged
financial crimes involving Landmark created an actual conflict of
interest.  In the court's original order in 2004 denying his
§ 2255 petition, the court determined that Brooks had not
demonstrated any actual conflict, only a potential conflict that
Brooks had waived.  <u>See</u> Order (Dec. 22, 2004) at 4-10 (Docket No.
295).  In other words, years before this court's 2007 order and
the Ninth Circuit's 2008 denial of a certificate of
appealability, this court expressly ruled, "To the extent Brooks
argues that Grimes was involved with Landmark at the time Brooks

8

was laundering his drug money through that company, Brooks has clearly waived any conflict." Id. at 7.

While the Ninth Circuit, in its 2007 order, did find that this court had failed to address one of Brooks's arguments, the different matter Brooks now seeks to relitigate was clearly addressed by this court in 2004.

This court also said in 2004, "To the extent Brooks now argues that Grimes had a conflict of interest relating to property placed in Landmark's or Brooks's name to avoid repercussions from the Internal Revenue Service, Brooks also waived that potential conflict of interest at the January 29, 1999, hearing." Id. at 10.  The court further said that Brooks had waived any conflict relating to $50,000 that Grimes allegedly gave Brooks in 1997. Id. at 10-11.

In Brooks's subsequent motion for reconsideration, Brooks argued that this court had erred in determining that Grimes had no actual conflict of interest arising out of Grimes's alleged criminal conduct.  This court rejected that argument, noting that there was no evidence before the court indicating that Grimes had any personal knowledge of any fact relating to financial crimes and Landmark.  Accordingly, the court reiterated that Grimes only had a potential conflict of interest, which Brooks had waived.  See Docket Number 297 (February 7, 2005).

After exhausting his appeals from this court's order denying his § 2255 petition, Brooks filed a Rule 59(e) motion, again arguing that this court had erred in failing to address his argument that Grimes's alleged conflict of interest arising out of Grimes's alleged criminal involvement with Landmark caused Grimes to be ineffective.  This court rejected that argument, ruling, "In the original order denying his § 2255 Petition, the court determined that Brooks had waived this argument."  <u>See</u> Document No. 326 at 17.

This court has addressed the issue raised in the present motion on multiple occasions.  Brooks unsuccessfully litigated the issue before this court and received no relief from the Ninth Circuit.  Brooks is factually incorrect in claiming that this court did not rule on his argument that Grimes's alleged financial crimes created an actual conflict of interest such that Grimes can be said to have been ineffective.  Brooks shows neither that his Due Process rights were violated nor that extraordinary circumstances justify the relief he seeks here. This court has addressed the issue on multiple occasions and does not reconsider its earlier rulings here.

IV.        <u>CONCLUSION.</u>

For the foregoing reasons, Brooks's October 27, 2008, Rule 60(b) motion is denied.  To the extent this court may be asked to issue a certificate of appealability to allow Brooks to appeal this order, this court declines to do so, as the issue raised in the present motion is completely frivolous.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


<u>United States v. Brooks</u>; Civ. No. 04-00488 SOM/LEK; Cr. No. 98-00591 SOM; ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT UNDER RULES 60(b)(4) AND 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE