IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 12-00682 SOM/KSC |
| | ) | CR. NO. 98-00591 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT |
| vs. | ) | STEVEN BROOKS'S MOTION TO |
| | ) | CONSOLIDATE AND ALTERNATIVE |
| STEVEN BERNARD BROOKS, | ) | MOTION FOR REASSIGNMENT UNDER |
| | ) | LOCAL RULE 40.2 |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT STEVEN BROOKS'S MOTION
TO CONSOLIDATE AND ALTERNATIVE MOTION FOR
REASSIGNMENT UNDER LOCAL RULE 40.2

Defendant Steven Brooks has moved to consolidate his action under 28 U.S.C. § 2255 with an action filed by Scott Robinson.  The motion to consolidate is DENIED.

Brooks and Robinson were tried for offenses unrelated to each other.  Both were convicted.  Separate appeals were taken, and the judgments were both affirmed.  Brooks and Robinson filed separate motions under § 2255, and both were denied.  Both now have filed new § 2255 motions asserting that they have newly discovered evidence relating to alleged misconduct by a government agent who was a witness in both their cases.  There is a bald assertion that the alleged misconduct is relevant to the offenses for which Brooks was tried and/or to his trial, but at this point, that is all there is in that regard.

This judge is not familiar with Robinson's case.  For this judge or for lawyers not involved in Robinson's case to

master the extensive history of that case for the purpose of addressing Brooks's new § 2255 motion would be a huge endeavor. This court does not see the need to take on that task for the purpose of addressing whether Brooks may proceed with a successive § 2255 motion without certification from the Ninth Circuit.

Part of the argument Brooks makes is that this judge and Judge Helen Gillmor, who is presiding over Robinson's case, might reach inconsistent conclusions. Brooks says:

> For example, the Honorable Judge, Helen Gillmor, ruled that the government must respond to Robinson's substantive § 2255 argumen[t]s on the merits -- thus accepting and ruling in favor of Robinson procedural argument that his § 2255 claims fit within exceptions to § 2255(h) strict certification hurdles. On the otherhand [sic], rather than rule consistently with Judge Gillmor on the identical issue/[argument], the Honorable Chief Judge, Susan Oki Mollway, instead ruled differently in that she ordered petitioner to show cause why his § 2255 motion should not be dismissed pursuant to § 2255(h), and ordered the government to respond to this procedural issue (not on the merits).
>
> Thus, in one sense, there has already been inconsistent rulings in Robinson and petitioner's case. But certainly this shows that there is a "substantial danger" that Chief Judge Mollway will ultimately adjudicate this procedural issue differently than Judge Gillmor, and rule against petitioner.

Brooks's Reply Memorandum, ECF No. 371, at 10.

Brooks misapprehends the status of Robinson's case.  In a minute order filed on May 30, 2013 in <u>United States v. Robinson</u>, Crim. No. 96-01018 HG, Judge Gillmor said that she had not "foreclose[d] the possibility that Robinson's Section 2255 Motion is barred as a successive motion, filed without certification, pursuant to 28 U.S.C. § 2255(h)."  She added, "The Government is free to raise the argument that Robinson's Section 2255 Motion is successive, and outside the Court's jurisdiction."  ECF No. 221 in Crim. No. 96-01018 HG.

The court also DENIES Brooks's Alternative Motion for Reassignment under Local Rule 40.2.  That alternative motion asks that the court reassign Brooks's § 2255 motion to Judge Gillmor.

Local Rule 40.2 provides that reassignment of civil actions "may" occur when civil actions "involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any reason said cases could be more expeditiously handled if they were all heard by the same judge."  Quite apart from the permissive nature of Local Rule 40.2, this court notes that, while Brooks's and Robinson's cases may involve overlapping assertions, they also involve many historical differences.  Nor does it appear that their cases "could be more expeditiously

3

handled" by a single judge, whether this judge or Judge Gillmor, as that single judge would have the enormous task of learning the prolonged history of an unrelated case.  The alternative motion is therefore DENIED.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, June 10, 2013.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

United States v. Brooks
CIV. NO. 12-00682 SOM/KSC, CR. NO. 98-00591 SOM, ORDER DENYING DEFENDANT STEVEN BROOKS'S MOTION TO CONSOLIDATE AND ALTERNATIVE MOTION FOR REASSIGNMENT UNDER LOCAL RULE 40.2