IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 98-00591 SOM |
| | ) | Civ. No. 12-00682 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION SEEKING |
| vs. | ) | TO ALTER THIS COURT'S RULING |
| | ) | OF JULY 10, 2013 (ECF NO. |
| STEVEN BERNARD BROOKS, | ) | 377) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION SEEKING TO ALTER THIS COURT'S RULING OF JULY 10, 2013 (ECF NO. 377)

Steven Bernard Brooks asks this court to alter its order of July 10, 2013. That order denied Brooks's second or successive petition under 28 U.S.C. § 2255 because Brooks had not obtained certification to file it from the Ninth Circuit Court of Appeals. In essence, Brooks now asks this court to reconsider that order because Brooks believes he does not need such certification. See ECF No. 377. Brooks is wrong, and his motion is denied.

Brooks misunderstands the case law regarding whether a petition is a second or subsequent petition for which certification is necessary. Brooks is not trying to raise a claim such as a challenge to his release date, which is a claim no one with a sentence as lengthy as his could have made within a year of the final judgment. See Hill v. Alaska, 297 F.3d 895, 898-99 (9th Cir. 2007). He is instead attempting to get § 2255 relief based on "newly discovered evidence" that bolsters an

earlier claim going to the evidence at his trial and alleged <u>Brady</u> violations at his trial.

There is no "exemption," as Brooks claims, that would allow Brooks to proceed in this court without first obtaining certification from the Ninth Circuit:

> A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

<u>United States v. Washington</u>, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(h)). In other words, before seeking § 2255 relief based on the alleged "newly discovered evidence" regarding a Government's witness's credibility at trial and alleged <u>Brady</u> violations at trial, Brooks must obtain the Ninth Circuit's certification that his "newly discovered evidence . . . , if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." <u>Id.</u>

Brooks does not show that his motion to alter the order entered on July 10, 2013, falls outside the certification requirement.  His motion is therefore denied.  The court reiterates that, if Brooks obtains the required certification from the Ninth Circuit for purposes of § 2255(h), he may then file a § 2255 petition based on the arguments regarding his "newly discovered evidence."

The Clerk of Court is directed to send Brooks a file-stamped copy of his motion, ECF No. 377, along with a copy of this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 14, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Brooks; Civ. No. 12-00682 SOM; Cr. No. 98-00591 SOM; ORDER DENYING MOTION SEEKING TO ALTER THIS COURT'S RULING OF JULY 10, 2013 (ECF NO. 377)